UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * * * * * * * * * * * *
ELAINE L. CHAO Secretary of Labor,     *
 United States Department of Labor,    *
                                       *
              Plaintiff,               *
                                       *      CIVIL ACTION
       v.                              *
                                       *      FILE NO.   1:06-cv-301-SM
                                       *
VPS DRYWALL, LLC                       *
and STEVE RHEAUME                      *
              Defendants.              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## COMPLAINT

Plaintiff brings this action to enjoin defendants from violating the provisions of sections 7 and 11 of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, 29 USC 201, et seq.) hereinafter called the Act.

I.

Jurisdiction of this action is conferred upon the Court by section 17 of the Act.

II.

Defendant VPS Drywall, LLC is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 61 Technology Way, Nashua, New Hampshire within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of drywall and insulation contracting.

III.

Defendant Steve Rene Rheaume maintains a place of business at 61 Technology Way, Nashua, New Hampshire, within the jurisdiction of this Court and is now, and at all times

hereinafter mentioned was, principal owner and operating officer of the aforesaid corporation and as such actively manages, supervises and directs the business affairs and operations of said corporation. This defendant has acted at all times material herein directly and indirectly in the interest of said corporation in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

IV.

Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of section 3(r) of the Act.

V.

At all times hereinafter mentioned, defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s).

VI.

Defendants have repeatedly violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing employees for workweeks longer than forty (40) hours without compensating them for their employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times the regular rate at which they were employed.

VII.

Defendants have repeatedly violated and are violating the provisions of sections 11(c) and 15(a)(5) of the Act in that they have failed to make, keep and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as

prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

VIII.

During the period since January 25, 2004, defendants have repeatedly violated and are violating the aforesaid provisions of the Act, as alleged, and a judgment enjoining such violations is expressly authorized by section 17 of the Act.

WHEREFORE, cause having been shown, plaintiff prays judgment permanently enjoining and restraining defendants, their agents, servants, employees, and those persons in active concert or participation with them or acting in their interest and behalf, from violating the provisions of sections 7 and 11 of the Act, and for such other and further relief as may be necessary or appropriate, including the restraint of any withholding of compensation found by the court to be due under the Act to employees, together with interest thereon from the date such back wages became due until the date back wages are finally paid, and costs.

> Howard M. Radzely
> Solicitor of Labor
>
> Frank V. McDermott, Jr.
> Regional Solicitor
>
> */s/ John S. Casler*
> John S. Casler
> Deputy Regional Solicitor
>
> U.S. Department of Labor
> Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Bldg., Room E-375
Boston, MA 02203
TEL: 617-565-2500
FAX: 617-565-2142