UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF NEW HAMPSHIRE

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

　　　　　　Plaintiff,

　　　　v.

VPS DRYWALL, LLC
　and STEVE RHEAUME,

　　　　　　Defendants.

CIVIL ACTION

FILE NO. 1:06-cv-00301-SM

## CONSENT JUDGMENT

Plaintiff having filed a complaint and the defendants having appeared, received a copy thereof, waived service of process and, without admitting liability (and specifically without admitting the individuals or entities at issue were employees), and to avoid further litigation, agreed to the entry of this judgment without contest.

It is, therefore, ORDERED, ADJUDGED and DECREED that defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 USC 201 et seq.), hereinafter referred to as the Act, in the following manner:

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of

1

goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 C.F.R.516.

Further, the Court finding as uncontested by the defendants that certain individuals are due compensation in the amount of $17,500.00 as shown on attached "Exhibit A" which is incorporated in and made a part hereof, it is

ORDERED, ADJUDGED and DECREED that the defendants are restrained from withholding payment of said compensation.

The compensation provisions of this judgment pertain only to the compensation owed for the period ending January 31, 2006. Accordingly, the compensation provisions of this judgment shall have no effect upon any claimed back wages which may have accrued since that date.

The compensation provisions of this judgment shall be deemed satisfied when on or before January 22, 2008 the defendants deliver to the persons listed in Exhibit A, attached hereto, the respective sums set opposite their names, less deductions for each individual's share of social security and withholding taxes.

The defendants shall further provide plaintiff, on or before January 22, 2008, with a copy of the payroll or a copy of the checks used to disburse the payments, a listing of the particular deductions made for each person listed in Exhibit A, and a statement attesting to the fact that payments have been made.

Any checks which cannot be distributed to the individuals named in Exhibit A, or to their estates if that be necessary because of inability of the parties to locate the proper persons, or

2

because of such person's refusal to accept such sums, shall be redrafted in the total net amount

due to all such unlocatable individuals and made payable to "Wage and Hour Division - Labor".

Such checks shall then be forwarded immediately to plaintiff along with a list of unlocatable

individuals, their social security numbers, last known addresses, gross amounts due and net

amounts due.  When recovered payments have not been claimed by the individual within three

years, the Secretary of Labor shall deposit them into the United States Treasury as miscellaneous

receipts, pursuant to 29 U.S.C. 216(c).

Defendants shall not, under any circumstances, accept and keep any amount returned to it

by a person owed compensation under this judgment.  Any such amount shall be immediately

paid to the plaintiff as above.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own

fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated:   January 9, 2008

/s/   Steven J. McAuliffe

Hon. Steven J. McAuliffe
United States District Judge

Defendants hereby consent to
the entry of this judgment.

By
VPS DRYWALL, LLC

By:
STEVE RHEAUME

Plaintiff moves for entry of
this judgment:

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

James Glickman
Senior Trial Attorney

3

U.S. Department of Labor
Attorneys for Plaintiff